**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 05-4645**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID MARK WELLS,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (CR-04-10073)

───────────────

Submitted:  February 28, 2007          Decided:  March 20, 2007

───────────────

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Sol Z. Rosen, Washington, D.C., for Appellant. John L. Brownlee, United States Attorney, Randy Ramseyer, Assistant United States Attorney, E. Reece Hale, Third Year Practice Student, Abingdon, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Mark Wells appeals his convictions and 137-month sentence for being a felon and unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), g(3)(2000), and manufacturing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (a)(1) (2000). For the reasons that follow, we affirm.

I.

In his brief on appeal and in a motion to remand, Wells argues that this case should be remanded for resentencing because the district court treated the Guidelines as mandatory in violation of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and this court's decision in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Wells was sentenced on June 10, 2005, approximately five months after Booker was decided and the Guidelines were rendered advisory in nature. While the district court did not explicitly discuss the advisory nature of the Guidelines, the court clearly recognized its post-Booker obligation to consider the 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006) factors as well as the Guidelines range, before imposing the sentence. This permits us to conclude with confidence that the district court treated the Guidelines as advisory, in faithful compliance with Booker and Hughes.

Wells also argues that, according to the decisions in Booker and Blakely v. Washington, 542 U.S. 296 (2004), enhancement issues of obstruction of justice and criminal conduct during pretrial release should have been decided by a jury. However, contrary to Wells' argument, in sentencing defendants after Booker, district courts continue to make findings necessary for enhancement, applying a preponderance of the evidence standard and taking into account that the resulting Guidelines range is advisory only. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). Wells' arguments that he was sentenced in violation of Booker are without merit.

II.

Wells claims the evidence was insufficient to support his convictions, because (1) there was no evidence of intent to distribute a controlled substance, and (2) there was no evidence that he possessed any of the firearms found in his residence. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is substantial, this court inquires whether a reasonable finder of fact could accept the evidence as adequate to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating

the sufficiency of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses" and we defer to the factfinder when the evidence supports different reasonable interpretations.  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

Wells first contends that, although he admitted that he used marijuana, there was not substantial evidence to support the jury's conclusion that he had the intent to distribute.  However, officers recovered a large quantity of marijuana, some of which was packaged separately.  In addition, officers recovered scales hidden in a floor vent.  We find that this evidence sufficiently supported the inference of intent to distribute.[1]

With respect to his firearm conviction, Wells argues that there was no evidence to support the conclusion that he possessed any of the weapons found in his residence.  However, there is no dispute that a loaded shotgun and ammunition were found in Wells' bedroom.  Also, Wells explained to ATF agents that the gun in the bedroom was loaded to protect his chickens, and this admission supports the inference that the gun was kept in his bedroom for his ready access.  Although Wells and his girlfriend testified that Wells expressed his displeasure when he saw the shotgun hanging in

---

[1]Given the ample evidence of distribution, we also reject Wells' argument that his counsel should have requested an instruction on the lesser-included offense of simple possession and that the district court should have, sua sponte, given such an instruction.

- 4 -

his bedroom when the police officers were searching his residence, this testimony was refuted by the officers who said that Wells' only comment was that he did not know that he was not supposed to have firearms in his home.[2]

We conclude that the evidence presented at trial was sufficient for a reasonable jury to conclude that Wells manufactured marijuana with intent to distribute and that he possessed a firearm.

## III.

Wells claims the district court erred when it denied his motion to suppress. However, even assuming that Wells was in custody when he approached the officers and admitted ownership of the 28 marijuana plants growing near his home, his statements were spontaneous and not in response to any question or action on the part of the officers. See Rhode Island v. Innis, 446 U.S. 291, 300 (1980)(volunteered statements are not a product of interrogation and therefore are not barred by the Fifth Amendment). The district court properly denied the motion to suppress.

---

[2]We also reject Wells' contention that the district court improperly responded to a jury inquiry regarding the legal age for the possession of firearms. As the court properly informed the jury, the issue of whether Wells' girlfriend's son was legally permitted to possess firearms was "not a relevant legal issue in this case."

IV.

Finally, Wells argues that the district court erred in admitting the evidence uncovered in the search of his residence under the Supreme Court's recent decision in Georgia v. Randolph, 126 S. Ct. 1515, 1526 (2006), which held that permission by a co-occupant of an apartment does not justify a warrantless search where the other occupant, who later seeks to suppress the evidence, is present and expressly refuses to consent to the search. In this case, although Wells' girlfriend initially told officers she could not consent to a search of the residence without conferring with Wells, once Wells arrived, he consented to the search. Because it is undisputed that Wells consented to the search of his residence, there is no cognizable argument under Randolph that the search was unreasonable or invalid as to Wells. See United States v. Parker, 469 F.3d 1074, 1077-78 (7th Cir. 2006) (holding defendant's "express refusal to consent" required to bring case under purview of Randolph).

V.

Accordingly, we affirm Wells' convictions and sentence and deny his motion to remand for resentencing. We dispense with oral argument because the facts and legal contentions are

adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED